## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VERYL DEAN CRAWFORD,

      **Plaintiff,**

      v.                                   **CASE NO.  22-3084-SAC**

(FNU) GROTE, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Veryl Dean Crawford is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is detained at the Sedgwick County Adult Detention Facility in Wichita, Kansas ("SCADF").

Plaintiff alleges in his Complaint that Deputy Grote constantly tries to abridge Plaintiff's freedom of expression whenever they engage in a conversation.  Plaintiff alleges that despite him being respectful while expressing his thoughts, Grote tells him to go to his room and lockdown for 24 hours.  When Plaintiff questions her further, she calls for backup.  When Plaintiff is placed on lockdown his requests to talk to the shift sergeant are ignored.  Sergeant Hinshaw approved Grote's lockdown.  Plaintiff alleges that he has filed numerous grievances against her and told her that he was filing a lawsuit against her.

Plaintiff alleges a violation of his First Amendment right to freedom of speech.  Plaintiff also claims that Grote creates a "hostile work environment" and on August 21, 2021, she locked down almost the entire pod because they were asleep and did not stand while Grote was doing a head count at around 3:30 pm.  Plaintiff claims he did not hear Grote.  Grote then placed them on a 24-hour lockdown and Grote did not let the pharmacy cart pass out medications that night at 8:30 pm.   Plaintiff alleges that on August 28, 2021, Grote was yelling and threatening to lockdown the pod when a black pretrial detainee told Grote that he liked her and not to worry because he had her back.  Plaintiff argued with Grote and asked her why "you white people feel threatened" when a black man asserts his rights?  (Doc. 1, at 5.)  Grote told Plaintiff to go to his room and Plaintiff requested to see the sergeant because he was not locking down without a hearing.  Grote called for backup.

Plaintiff also alleges that his due process rights were violated because he did not receive a disciplinary hearing prior to being placed on lockdown.  Plaintiff claims that on January 23 or 24, 2022, he was on the kiosk researching while Grote was arguing with a white convicted inmate which resulted in the whole pod being placed on lockdown.  Plaintiff did not realize that Grote announced that the whole pod was on lockdown.  Plaintiff told Grote that she was creating a hostile environment.  Later that evening, when the pod worker and Grote were passing out food trays, Plaintiff showed Grote his lawsuit against her.  Grote responded by giving Plaintiff a 24-hour lockdown.  Plaintiff responded that he had just done 31 years straight in prison and "there's nothing else you can do to me."  *Id*. at 6.  Grote responded with a 48-hour lockdown, telling Plaintiff to "shut up."  Plaintiff then told Grote to save up her money because Plaintiff "was coming to take it."  *Id*.  Grote responded with a 72-hour lockdown for Plaintiff.  Plaintiff's

request to speak to Hinshaw were ignored and the sergeants always believe Grote and approve the lockdowns without a hearing.  The lockdown Plaintiff received was for 24 hours.  *Id*.

Lastly, Plaintiff claims cruel and unusual punishment because on January 23 or 24, 2022 and February 20, 2022, Grote threw away or gave away Plaintiff's diabetic meat sack as retaliation.  *Id*. at 8.  In both instances, the 3rd OCC had to call a rover to contact the kitchen to bring Plaintiff another meat sack.  He received them both at about 1:30 am.  Plaintiff alleges that he has serious low blood sugar issues and Grote's actions "can cause [him] to go into a 'diabetic coma' &/or 'die'."  *Id*. at 8.  Plaintiff filed a grievance and three weeks later received a response stating that "we're looking into it."  *Id*. at 6.

Plaintiff names as defendants:  (fnu) Grote, SCADF Deputy; (fnu) Hinshaw, SCADF Sergeant; and Jeff Easter, Sedgwick County Sheriff.  Plaintiff seeks over 27 million dollars in compensatory damages.  Plaintiff also seeks injunctive relief in the form of training for staff.  *Id*. at 9.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Due Process

Plaintiff claims that he was placed on lockdown without a disciplinary hearing after arguing with Deputy Grote.  The Supreme Court has held that "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivations of liberty without due process of law . . . the proper inquiry is whether those conditions amount to punishment of the detainee."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Pretrial detainees, "may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Id*. (citations omitted).  "A person lawfully committed to pretrial detention has not been adjudged guilty of any crime . . . [and] has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest."  *Id*. (citations omitted).  The government may "detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so

5

long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536–37.

To determine when restrictions pass, as a matter of law, from constitutionally acceptable to constitutionally impermissible, a court must ask two questions. *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013). "First, we must ask whether an 'expressed intent to punish on the part of detention facility officials' exists" and "[i]f so, liability may attach. If not, plaintiff may still prove unconstitutional punishment by showing the restriction in question bears no reasonable relationship to any legitimate governmental objective." *Id*. (citing *Bell*, 441 U.S. at 538–39).

The Government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Bell*, 441 U.S. at 540. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id*. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

Plaintiff has not alleged that Defendants exaggerated their response when they locked him down after he argued with Grote or when he failed to lockdown because he did not hear the orders to lockdown.  Plaintiff has failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security. Plaintiff should show good cause why his claim should not be dismissed

### 2. Cruel and Unusual Punishment

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Id*.  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety.  *Id*.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"  *Id*.  It is not enough to establish that the official should have known of the risk of harm.  *Id*.

Plaintiffs' allegations regarding the delay in receiving two sack meals fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."  Plaintiff fails to state an Eighth Amendment violation and his claims suggest, at most, negligence.  Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835

(1994)).  Plaintiff's claim is subject to dismissal.

### 3.  Hostile Environment

Plaintiff has not shown how the "hostile environment" violates his constitutional rights. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).  Plaintiff's claims are subject to dismissal.

### 4.  Request for Relief

Plaintiff's request for over 27 million dollars in compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3084-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint,

Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 27, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 27, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated April 29, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**

---

where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.