IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VERYL DEAN CRAWFORD,**

    **Plaintiff,**

    v.                                               CASE NO. 22-3084-SAC

**(FNU) GROTE, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Sedgwick County Adult Detention Facility in Wichita, Kansas. On April 29, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted an opportunity to file an amended complaint to cure those deficiencies. Plaintiff filed a Response (Doc. 5) and an Amended Complaint (Doc. 6). The Court screened Plaintiff's Amended Complaint and dismissed this matter for failure to state a claim on June 16, 2022. (Docs. 7, 8.) This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 9).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of*

*Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff's motion rehashes arguments previously made and continues to argue that he was retaliated against and punished when two of his diabetic meat sacks were given to other inmates and then replaced later in the evening. He also continues to argue that he was denied due process before being locked down. Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 16, 2022 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 9) is **denied.**

**IT IS SO ORDERED**.

**Dated July 1, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE